COPY

NANCY SWEENEY
CLERK DISTRICT COURT

2014 JUL 14 PM 2: 53

FILED
BY C. Potuzak

1  PHILIP A. HOHENLOHE
   HOHENLOHE, JONES, PLLP
2  863 Great Northern Blvd., Suite 302
   P.O. Box 1959
3  Helena, MT 59624
   Telephone: (406) 443-4601
4  Facsimile: (406) 443-4602
   e-mail: phil@hohenlohejones.com

6  Attorney for Plaintiff

10             MONTANA FIRST JUDICIAL DISTRICT COURT
                      LEWIS AND CLARK COUNTY

13 | MICHELLE MALTESE,                    | Dept. BDV 2014-555
14 |     Plaintiff,                        |
15 |                                       | Judge _____
16 | vs.                                   | Cause No. _____
17 | STATE OF MONTANA, by and through the  | **COMPLAINT AND**
18 | MONTANA DEPARTMENT OF HEALTH AND      | **DEMAND FOR JURY TRIAL**
   | HUMAN SERVICES; BERNIE JACOBS, in his |
19 | individual and official capacities; and RICHARD | JEFFREY M. SHERLOCK
   | OPPER, in his individual and official capacities, | Presiding Judge
20 |     Defendants.                        |

## STATEMENT OF THE CASE

1. Plaintiff Michelle Maltese brings this action alleging a violation of the Wrongful Discharge from Employment Act, § 39-2-901, MCA, et seq, and also asserting claims under 42 U.S.C. § 1983 and the Montana constitution, related to her employment with Defendant and the termination thereof.

Complaint and Demand for Jury Trial          PAGE 1

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Mont. Const. Art. VII, § 4(1), § 3-5-302, MCA, and 42 U.S.C. §§ 1983 & 1988. See Martinez v. California, 444 U.S. 277, 283 n.7 (1980). Venue is proper in this Court pursuant to §§ 25-2-126 & 25-2-118, MCA.

## PARTIES

3. The Plaintiff Michelle Maltese is and at all times herein mentioned was a resident of Helena, Montana, in Lewis and Clark County. The Plaintiff was employed by the Defendant in Helena, Montana, in Lewis and Clark County.

4. The Defendants are:

    (1) the State of Montana, acting through the Department of Health and Human Services ("DPHHS"), a department of the State of Montana.

    (2) Bernie Jacobs. Mr. Jacobs was Plaintiff's supervisor at DPHHS who made the decision to terminate her employment. Mr. Jacobs resides in Lewis and Clark County, Montana.

    (3) Richard Opper is the current Director of DPHHS, who made the decision not to reinstate Plaintiff. Mr. Opper resides in Lewis and Clark County.

## STATEMENT OF FACTS

5. Plaintiff began working for DPHHS as an attorney in 1999, and successfully completed the probationary period. She performed her job satisfactorily.

6. On November 13, 2012, Plaintiff's supervisor Bernie Jacobs prepared a due process letter accusing Maltese of insubordination for two reasons. First, Jacobs claimed that Maltese had been insubordinate by failing to arrive at work by 9:00 in the morning. Second, he claimed that Maltese had been insubordinate by filing a notice of appeal without authorization.

7. Jacobs' allegations of insubordination were without merit. As for the tardiness, Maltese had not been insubordinate. In fact, she had been doing her best to try to get in by 9:00 am every day despite serious medical issues. As for the notice of appeal issue, neither Jacobs nor

anyone else had not instructed Maltese not to appeal. Maltese filed the notice of appeal simply to preserve the right to appeal until she could meet with Jacobs to discuss the matter. If Jacobs decided not to appeal, the appeal could easily be withdrawn.

8. Maltese filed a detailed written response to the due process letter explaining that she had not been guilty of insubordination with respect to the tardiness or the notice of appeal.

9. On November 28, 2012, Jacobs suspended Maltese from work without pay for three days for insubordination. In addition to the suspension, Jacobs also imposed upon Maltese Conditions of Continued Employment, which imposed various burdensome requirements not imposed on other attorneys, including a requirement that she submit detailed case load reports twice a month.

10. Despite a vast caseload, Maltese tried to comply with the burdensome conditions of employment. She prepared case load reports for November and December 2012. She failed, however, to turn in a mid-month report for December 2012 and January 2013. For the December report, she turned in a detailed report on December 21, 2012, shortly before the holidays, which she thought would suffice. Maltese was not able to complete the January mid-month report because she had been out sick with the flu, was swamped with work, and because Jacobs had imposed more burdensome requirements on Maltese's reports on January 9, 2013. In addition to all of these issues, the fact that Jacobs had prohibited Maltese from working on evenings or weekends made it difficult for her to complete the reports.

11. On January 25, 2013, Jacobs wrote a due process letter to Maltese threatening her with termination based on her failure to file mid-month reports in December and January. On February 1, 2013, Maltese submitted a written response, in which she protested that the reports were too burdensome and also explained that she had been out sick on January 8, 9, and 10, and had a great deal of catching up to do when she returned to work.

12. Maltese then filed timely detailed reports on January 31, February 15, February 28, and March 15, 2013.

13. On March 22, 2013, however, Jacobs fired Maltese for failing to file timely mid-month reports in December and January. Jacobs wrongly claimed in the termination letter that

Maltese had failed to respond to the January 25 due process letter. In fact, Maltese had filed a response to the due process letter, and Jacobs did not consider it before firing her.

14. On March 29, 2013, Maltese timely submitted a grievance challenging her termination, pursuant to the state of Montana's Grievance Policy. See ARM 2.21.6515 & 2.21.8010 et seq. Pursuant to the Grievance Policy, a hearing was held on March 18 and 19, 2014, before Hearing Officer Gregory Hanchett. On June 24, 2014, Hanchett issued a recommended decision, in which he recommended that Maltese be reinstated immediately and provided back pay and benefits. He determined that Defendant had violated Maltese's due process right by failing to consider her written response to the due process letter before firing her.

15. On July 1, 2014, Richard Opper, the DPHHS director, issued the agency's final administrative decision on Maltese's grievance. He declined to follow the Hearing Officer's recommendation. Instead, he decided that Maltese would be given two weeks of back pay and benefits and would not be reinstated.

16. On February 28, 2014, Maltese filed a notice with the Department of Administration pursuant to § 2-9-301, MCA, regarding claims related to her termination from employment at DPHHS. The Department of Administration did not respond to the notice.

## COUNT I (Wrongful Discharge Act)

17. Plaintiff realleges and incorporates the preceding allegations of this complaint as though they were set forth in full.

18. Defendant DPHHS violated §§ 39-2-903(5) and 39-2-904(1)(b), MCA, because the termination of Plaintiff was not for good cause or legitimate business reason as defined therein, and said Defendant thus had no fair and honest cause to justify its action. The reasons given for Plaintiff's termination were false, whimsical, arbitrary, or capricious. Plaintiff had completed the probationary term of employment.

19. Defendant DPHHS violated § 39-2-904(1)(c), MCA, by violating the express terms of its own written personnel policy in terminating Plaintiff. Defendant's personnel policy

1  expressly states that employees shall be given due process including notice and opportunity to
2  respond before being terminated. See ARM 2.21.6507(4) & 2.21.6509. By terminating Plaintiff
3  without considering her written response to the due process letter, Defendant violated its own
4  policies by denying her due process and opportunity to respond. In addition, Defendant's express
5  written personnel policy provides that employees may not be terminated without just cause.
6  See ARM 2.21.6509(1). By terminating her without just cause, Defendant violated the express
7  terms of its written personnel policies.

8      20. As a direct and proximate result of Defendant's actions and Plaintiff's termination,
9  Plaintiff has suffered, and continues to suffer, substantial losses in earnings and related benefits
10 which she would have received had Defendant not discharged her in violation of the law, all to
11 her damage according to proof at the time of trial.

### COUNT II (Section 1983)

14     21. Plaintiff realleges and incorporates the preceding allegations of this complaint as
15 though they were set forth in full.

16     22. Plaintiff had a right under the due process clauses of the Montana and federal
17 constitutions not to be deprived of property without due process of law. U.S. Const. Amend. 14;
18 Mont. Const. Art. II, Sect. 17.

19     23. Plaintiff had a constitutionally protected property interest in continued employment
20 and was constitutionally entitled to notice and opportunity to be heard prior to termination.

21     24. The Defendants Jacobs and Opper were state actors and as such their conduct was
22 subject to 42 U.S.C. § 1983.

23     25. By terminating Plaintiff without considering her written response Defendant Jacobs
24 denied Plaintiff her right to be heard prior to termination, and thus deprived Plaintiff of her
25 constitutional due process rights by depriving her of property without due process of law.
26 Defendant Opper further violated Plaintiff's due process rights by refusing to correct the due
27 process violation by reinstating Plaintiff with full back pay and benefits, as the Hearing Officer
28 recommended.

26. As a direct and proximate result of Defendants' actions and the resulting deprivation of Plaintiff's due process rights, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and related benefits as well as emotional distress and has been forced to hire an attorney and institute legal action to vindicate her rights.

27. The actions of Defendants were done maliciously or with reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT III (Montana Constitution)

28. Plaintiff realleges and incorporates the preceding allegations of this complaint as though they were set forth in full.

29. Defendants' actions, as described herein, violated Article II, Section 17, of the Montana Constitution by depriving Plaintiff of property without due process of law.

30. As a direct and proximate consequence of Defendants' unconstitutional actions as described herein, Plaintiff has suffered damages including lost income, including salary and benefits, as well as emotional distress. Plaintiff has been forced to hire an attorney and institute legal action to vindicate her rights.

31. The actions of Defendants were done maliciously or with reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendants as follows:

1. For a money judgment representing damages to the full extent permitted by law, including lost wages and benefits, both present and future, compensatory and punitive damages, and all other sums of money, together with accrued interest thereon, according to proof;

2. For an order directing that Plaintiff be reinstated immediately to her former position at DPHHS;

3. For all costs and attorney fees to be incurred, to the full extent permitted by law; and

4. Such other relief, legal or equitable, as the Court deems just and proper.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

Respectfully submitted this 14th day of July, 2014

          HOHENLOHE, JONES, PLLP

By: _____
   PHILIP A. HOHENLOHE
   (Attorney for Plaintiff)